THE COUNCIL BLUFFS & ST. LOUIS RAILWAY COMPANY v. BENTLEY ET AL.

1. **Railroads:** CONDEMNATION OF RIGHT OF WAY: JURISDICTION OF SHERIFF'S JURY: CERTIORARI. A sheriff's jury has no jurisdiction in proceedings to condemn right of way for a railroad, unless the owner refuses to grant the right of way, or the parties are unable to agree upon the compensation to be paid therefor. Code, § 1244. Consequently, where the owner had conveyed the right of way to the railway company, though by a deed which he was seeking to have set aside in equity, since the deed, until set aside, vested the title *prima facie* in the railway company, the proceedings of the sheriff's jury, called out upon the owner's motion, were without authority, and were properly set aside on *certiorari*.

*Appeal from Mills Circuit Court.*

WEDNESDAY, DECEMBER 12.

JUDGMENT for plaintiff, and defendants appeal.

*Hall & Stone* and *Kelley Bros.*, for appellant.

*D. H. Soloman,* for appellee.

SEEVERS, J.—This is a *certiorari* proceeding for the purpose of testing the legality of a sheriff's jury, awarding to the defendants damages for the right of way over certain real estate owned by the principal defendants.

The jury was impaneled by the sheriff at the instance of the Bentleys. In the petition for the writ, several objections to the validity of the proceedings are alleged. Among others, it is stated that the defendants, the Bentleys, had conveyed the right of way in question to the plaintiff for a valuable consideration, prior to the commencement of the proceedings to condemn, instituted at the instance of the said defendants. This is not denied in the answer, but it is sought therein to avoid the effect of the allegation by the statement that, prior to the commencement of this proceeding, an action in equity was commenced by the principal defendants for the purpose of testing the validity of the said conveyance.

Proceedings to condemn the right of way for a railway corporation may be instituted by either the owner or the corporation, but this can only be done in case the owner refuses to grant the right of way, or the parties are unable to agree upon the compensation to be paid therefor. Code, §: 1244.

In the present case, the compensation has been, not only agreed upon, but paid the owner by the plaintiff; and the former had conveyed the right of way to the corporation. This being so, the proceeding condemning the right of way by the sheriff's jury is void for want of jurisdiction over the

subject matter. In fact, there was no subject matter in relation to which, under the statute, the sheriff had the power to act. There was no dispute to settle, and no condemnation required. The conveyance vested the title to the right of way in the plaintiff, unless it was void. This is not claimed. But, as we understand, for some reason not apparent in the record, it is claimed the conveyance is voidable. Conceding this to be so, until it was set aside in a proceeding instituted for that purpose, it at least had the effect to *prima facie* vest the legal title to the right of way in the plaintiff, and, therefore, the sheriff's jury had no jurisdiction over the subject matter at the time they were called on to act.

AFFIRMED.